

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2006

# Gleeson v. Prevoznik

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2630

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gleeson v. Prevoznik" (2006). *2006 Decisions.* Paper 710.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/710

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 05-2630, 05-2731,
05-2879 and 05-4025

———————

MICHAEL F. GLEESON
v.
JOHN C. PREVOZNIK,
Appellant No. 05-2630

———————

MICHAEL F. GLEESON
v.
MICHAEL E. ROBSON; KENNETH E. LENNING, III;
POCONO MOUNTAIN REGIONAL POLICE DEPARTMENT;
TOBYHANNA TOWNSHIP; COOLBAUGH TOWNSHIP;
TODD R. PIERCE; MOUNT POCONO BOROUGH;
TUNKHANNOCK TOWNSHIP; MONROE COUNTY;
MONROE COUNTY DISTRICT ATTORNEY;
POCONO MOUNTAIN REGIONAL POLICE COMMISSION

Michael E. Robson,
Appellant No. 05-2731

———————

MICHAEL F. GLEESON,
Appellant Nos. 05-2879 and 05-4025
v.
JOHN C. PREVOZNIK

———————

Appeals from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Nos. 02-cv-01747 and 03-cv-00552)
District Judge: Honorable Thomas I. Vanaskie

———————

Argued July 13, 2006

Before: SLOVITER, McKEE and RENDELL, <u>Circuit</u> <u>Judges</u>

(Filed: July 24, 2006)

_____

Gerard J. Geiger     **[ARGUED]**
Newman, Williams, Mishkin,
Corveleyn, Wolfe & Fareri
712 Monroe Street
P.O. Box 511
Stroudsburg, PA 18360
    *Counsel for Appellant/Cross Appellee John C. Prevoznik*
    *Nos. 05-2630, 05-2879 and 05-4025*
    *Counsel for Appellees Todd Pierce, Monroe County,*
    *DA Monroe County No. 05-2731*

Barry H. Dyller     **[ARGUED]**
88 North Franklin Street
Wilkes-Barre, PA 18701
    *Counsel for Appellee/Cross Appellant Michael F. Gleeson*
    *Nos. 05-2630, 05-2731, 05-2879 and 05-4025*

Harry T. Coleman     **[ARGUED]**
76 North Main Street
Carbondale, PA 18407
    *Counsel for Appellant*
    *Michael E. Robson No. 05-2731*

_____

OPINION OF THE COURT

_____

RENDELL, *Circuit Judge.*

These appeals arise from the same District Court order and common set of circumstances, and, in the interests of judicial efficiency, we will address the disposition of both appeals in this opinion.

Dr. Michael Gleeson brought this civil rights action to seek redress for an alleged wrongful seizure of documents from his three places of business and an alleged malicious prosecution on 465 charges, including the unlawful practice of medicine. Dr. Gleeson alleges that Detective Michael Robson and Monroe County Assistant District Attorney John Prevoznik jointly drafted search warrants that led to the search of his businesses and the illegal seizure of (1) directions to a law firm, (2) legal documents, and (3) a photocopy of a traffic citation. He further alleges that Detective Robson and Mr. Prevoznik jointly drafted a criminal complaint and affidavit of probable cause to secure an arrest warrant that ultimately caused Dr. Gleeson to turn himself in to authorities. Dr. Gleeson argues that Robson and Prevoznik lacked probable cause to bring this criminal complaint against him. Dr. Gleeson brought the following claims: (1) a § 1983 claim for an illegal search and seizure; (2) § 1983 and state law claims for false arrest; (3) § 1983 and state law claims for a malicious prosecution; (4) a claim of conspiracy to violate § 1983; (5) a state law claim of abuse of process; and (6) a state law claim for intentional infliction of emotional distress.[1]

Robson and Prevoznik moved for summary judgment on the basis of immunity from suit. The District Court granted Robson's and Prevoznik's motions for summary judgment in part and denied them in part. As to the illegal seizure claims, the District

_____

[1]Not at issue in this appeal, Dr. Gleeson also brought an action against various municipal defendants for failure to train the county's police officers to understand the underlying facts before filing a criminal complaint.

Court held that Gleeson had established as a matter of law that the three documents were not covered by the warrant. The District Court denied summary judgment as to the seizure of the law firm directions because the record was unclear as to whether the document was mixed in with a large number of other documents, and it would be unreasonable to require a police officer to sift through the number of documents while inside Dr. Gleeson's business. The District Court held that Detective Robson is not entitled to qualified immunity as to the traffic citation and legal documents because he failed to show that they were incriminating or that the incriminating character of the documents was immediately apparent, as required by the plain view doctrine.

The District Court denied summary judgment regarding the unlawful arrest claim and Detective Robson's assertion of qualified immunity as to that claim, because it found a genuine issue of material fact as to whether Detective Robson had probable cause to apply for and obtain an arrest warrant. The District Court also found that Detective Robson failed to establish as a matter of law that his reliance on Mr. Prevoznik's advice was objectively reasonable.

The District Court also denied summary judgment on the federal and state malicious prosecution claims because it found a genuine issue of material fact existed as to: (1) whether Detective Robson had probable cause to initiate the criminal proceeding by filing the criminal complaint; (2) whether the proceedings terminated in favor of Dr. Gleeson; and (3) whether Detective Robson had actual malice. The District Court found

4

that Detective Robson failed to establish as a matter of law that it was objectively reasonable for him to believe that there was probable cause of each crime charged and that his reliance on Mr. Prevoznik's advice was objectively reasonable.

The District Court also denied summary judgment on the claim of conspiracy to violate § 1983 due to the disputed material facts discussed above. The District Court granted Detective Robson's motion for summary judgment as to the abuse of process claim, because Gleeson failed to establish that Robson perverted the criminal process after filing the criminal complaint. Robson's motion for summary judgment as to the intentional infliction of emotional distress claim was denied because Gleeson tendered evidence sufficient to submit to the jury the question of whether Robson's conduct was outrageous.

Prevoznik's motion for summary judgment was granted as to Gleeson's illegal arrest claim, malicious prosecution claims, abuse of process claim, and intentional infliction of emotional distress claim because the District Court concluded that Prevoznik is entitled to absolute immunity under federal law and "high official" immunity under Pennsylvania law. The District Court denied Prevoznik's motion for summary judgment with respect to the unlawful search claim, finding that Prevoznik is not entitled to absolute immunity and that he has failed to present sufficient evidence to establish an entitlement to qualified immunity.

On appeal, Prevoznik argues that the District Court erred in denying his motion

5

for summary judgment based on qualified immunity with respect to his role in obtaining a search warrant for Gleeson's medical offices. In Robson's appeal, he claims the District Court erred in denying summary judgment on the basis of his defense of qualified immunity, arguing that he reasonably investigated and charged Gleeson with crimes on the basis of the advice of Prevoznik.

On cross-appeal, Gleeson argues that the District Court erred in granting summary judgment for Prevoznik based on the defense of absolute prosecutorial immunity with respect to his out-of-court legal advice to Robson concerning the existence of probable cause, and his advice to Robson to charge him with crimes without probable cause.

The District Court's analysis is contained in a 77-page opinion. The court's discussion of the issues, and its conclusions, are thoughtful, thorough, and well-reasoned. We find no error in the District Court's analysis of the qualified and absolute immunity issues, and, accordingly, we will affirm the District Court's order.